# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| PRICE'S COLLISION CENTER, LLC, ) <br> In its own capacity and as Agent for ) <br> Lee Company, ) <br> Plaintiff, ) <br> v. ) <br> ) <br> PROGRESSIVE HAWAII INSURANCE ) <br> COMPANY, ) <br> ) <br> ) <br> Defendant. ) | Civil Action No. |

## NOTICE OF REMOVAL OF PROGRESSIVE HAWAII INSURANCE COMPANY

Defendant Progressive Hawaii Insurance Company ("Progressive" or "Defendant") by its counsel hereby gives notice of removal of this action pursuant to 28 U.S.C. §§ 1332, 1446, to the United States District Court for the Middle District of Tennessee. In support of this removal, Progressive states as follows:

### FACTUAL BACKGROUND

1. On or about July 27, 2012, Plaintiff Price's Collision Center, LLC, in its own capacity and as Agent for Anne Crockett ("Plaintiff") filed a state court action against Progressive in the Circuit Court for Williamson County, Tennessee, styled *Price's Collision Center, LLC, in its own capacity and as Agent for Lee Company v. Progressive Hawaii Insurance Company,* Case No. 2011 CV-640 (the "State Court Action"). *See* Complaint, dated July 27, 2012, a true and correct copy of which is attached hereto as Exhibit "A". All of the process, pleadings, and orders which have been filed by the parties since the initiation of this action are filed herewith.

1

2. Plaintiff served Progressive the Complaint in the State Court Action through the United States Mail on July 27, 2012. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

3. The State Court Action purports to assert breach of contract, violation of Tenn. Code. Ann. § 47-18-104(b), and tortious interference with existing and prospective business relationships. The asserted claims arise out of Defendant's alleged refusal to pay for necessary repairs and alleged attempts to "steer" customers from Plaintiff's auto body repair shop. Complaint ¶¶ 17, 24.

4. Plaintiff seeks recovery of statutory and common-law damages, punitive damages, and attorneys' fees.

## GROUNDS FOR REMOVAL

5. This case is removable based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. That section extends federal jurisdiction over actions where minimal diversity exists and where the amount in controversy likely exceeds $75,000, exclusive of interest and costs. As described below, each of these requirements is met here.

### A. Minimal Diversity Exists

6. In accordance with 28 U.S.C. § 1332(a), there is diversity in this action. The State Court Action alleges that Plaintiff Price's Collision Center is a Tennessee Limited Liability Corporation with a principal place of business at 1676 Mallory Lane, Brentwood, Williamson County, Tennessee. Complaint ¶ 2. Defendant Progressive is an insurance company organized under the laws of the state of Ohio with a principal place of business at 6300 Wilson Mills Road, Mayfield Village, Ohio. Accordingly, there is diversity of citizenship under 28 U.S.C. § 1332(a)(1).

### B. Amount in Controversy Exceeds $75,000

7. In the removal context, the assessment of whether the amount-in-controversy requirement is satisfied does not center on what damages the Plaintiff will ultimately recover, if any, but on what amount is in controversy between the parties.

8. Based on the substance and scope of the claims asserted and the remedies requested, the allegations pled in the State Court Action give rise to an amount in controversy in excess of $75,000.

9. The Plaintiff asserts it is entitled to damages in excess of $24,999. Prayer for Relief, ¶ 1.

10. The Plaintiff further asserts it is entitled to treble damages and attorney's fees pursuant to the Tennessee Consumer Protection Act. Prayer for Relief, ¶ 2.

11. The Plaintiff further asserts it is entitled to punitive damages arising out of Defendant's alleged intentional, fraudulent, reckless, and malicious conduct. Prayer for Relief, ¶ 3.

12. The total damages claimed by Plaintiff in its Complaint are in excess of $24,999, plus treble damages, punitive damages, and attorneys' fees. Accordingly, while Defendant does not concede that Plaintiff is entitled to the damages Plaintiff seeks, it is more likely than not that the matter in controversy exceeds the sum or value of $75,000, including statutory and common-law damages, and attorneys' fees, all of which are sought in the State Court Action.

3

Case 3:12-cv-00875   Document 1   Filed 08/27/12   Page 3 of 4 PageID #: 3

## CONCLUSION

For the foregoing reasons, Progressive respectfully requests that this Court exercise jurisdiction over this action. Progressive further requests all such other and further relief as this Court deems just and proper.

Respectfully submitted,

FEENEY & MURRAY, P.C.

By: _____
John Thomas Feeney
BPRN 11482
Attorneys for Defendant
424 Church Street, Suite 2230
Nashville, Tennessee 37219
(615) 242-3700

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have forwarded a true and correct copy of the foregoing, **via United States Mail, postage prepaid**, to:

William T. Ramsey
Robert A. Peal
Andrew A. Warth
150 Fourth Avenue North, Suite 2000
Nashville, Tennessee 37219

This, the 27th day of August, 2012.

_____
John Thomas Feeney

4