IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE

| | |
|---|---|
| PRICE'S COLLISION CENTER, LLC, In its own capacity and as Agent for Lee Company, <br><br>Plaintiff, <br><br>v. <br><br>PROGRESSIVE HAWAII INSURANCE CORPORATION, <br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) <br><br>Case No. 2011 CV-640 |

## COMPLAINT[1]

Plaintiff Price's Collision Center, LLC, in its own capacity and as agent for Lee Company, hereby files this Complaint against Defendant Progressive Hawaii Insurance Corporation and states as follows:

### I. NATURE OF THIS ACTION

1. This is an action against Defendant Progressive Hawaii Insurance Corporation for breach of contract, violations of the Tennessee Consumer Protection Act, and tortious interference with existing and prospective business relationships.

### II. PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Price's Collision Center, LLC, is a Tennessee LLC with its principal place of business at 1676 Mallory Lane, Brentwood, Williamson County, Tennessee.

3. Lee Company is a residential and business services company headquartered in Franklin, Tennessee. Lee Company assigned its rights in this litigation to Price's Collision Center, LLC on August 3, 2011.

---

[1] This action is an appeal from a General Sessions case. In conjunction with that appeal, in April 2012, the Plaintiff served discovery on the Defendant. In response to that discovery, the Defendant moved for a more definite statement of the Plaintiff's claims in this case as only the General Sessions "Civil Warrant" had been filed. This Complaint is filed with the Court and served upon the Defendant pursuant to an agreement between Plaintiff and Defendant that Plaintiff would clarify the claims asserted in this litigation by July 30, 2012.

{Legal/12376/17443/00994743.DOCX}

1

EXHIBIT A

4. Defendant Progressive Hawaii Insurance Corp. ("Progressive") is an Ohio corporation doing business in Tennessee under the umbrella of the familiar "Progressive" brand of insurance companies.

5. This Court has subject matter jurisdiction over this case pursuant to Tenn. Code Ann. § 16-10-101.

6. Venue is proper in this Court pursuant to Tenn. Code Ann. § 20-4-101.

## FACTUAL BACKGROUND

7. On May 3, 2011, a Lee Company vehicle was involved in a car accident that resulted in damages to the vehicle, a 2004 Chevrolet Silverado.

8. Lee Company had a binding and valid collision insurance agreement with the Defendant.

9. Pursuant to their agreement, the Defendant was obligated to pay the costs of repairing Lee Company's vehicle to its pre-accident (or "pre-loss") condition.

10. The insurance agreement between the Defendant and Lee Company further allowed Lee Company to choose the repair shop at which the Lee Company vehicle would be restored to pre-loss condition.

11. Lee Company chose to have its vehicle repaired at Price's Collision Center (the Plaintiff's repair shop) in Brentwood, Tennessee.

12. On July 6, 2011, an agent of the Defendant evaluated the damage to Lee Company's vehicle, prepared an initial, preliminary estimate and sent that estimate to the Plaintiff. This initial, preliminary report estimated that the total repair cost would be $4,094.72.

13. Shortly thereafter, Lee Company delivered its vehicle to the Plaintiff for repair. During the repair process, the Plaintiff's employees identified additional repairs not noted by the

{Legal/12376/17443/00994743.DOCX}

2

Case 3:12-cv-00875   Document 1-1   Filed 08/27/12   Page 2 of 20 PageID #: 6

Defendant's initial, preliminary report that were necessary to restore Lee Company's vehicle to pre-loss condition.

14. After discovering these necessary repairs, the Plaintiff, through employee Rick Flores, sent a request to approve supplemental repairs to the Defendant, and the Plaintiff completed these additional necessary repairs.

15. Despite repeated requests, the Defendant has refused to pay for these additional repairs, valued at $698.69.

16. Upon information and belief, the Defendant's refusal to pay for the supplemental repairs is part of a broader campaign waged against the Plaintiff's business. The Defendant recognizes that the Plaintiff's repair shop performs a thorough, quality job that guarantees that the vehicle is actually restored to pre-loss condition, and, as a result, the Plaintiff's shop may charge more than other shops.

17. Upon information and belief, in an effort to damage the Plaintiff's business and ultimately drive the Plaintiff from the marketplace, the Defendant "steers" customers away from the Plaintiff's shop either by actively discouraging its customers from having repairs done at the Plaintiff's shop and/or by discouraging customers from returning to the Plaintiff's shop by refusing to pay for the total amount of the repair and leaving the customer ultimately responsible for the balance of the cost of the repair.

18. On August 3, 2011, Lee Company assigned its rights against the Defendant in this matter to the Plaintiff.

19. On August 15, 2011, the Plaintiff instituted this action in General Sessions Court.

20. After judgment was entered against the Plaintiff in General Sessions Court, the Plaintiff appealed this matter on November 14, 2011.

## CLAIMS AGAINST PROGRESSIVE

## BREACH OF CONTRACT (COUNT I)

21. Plaintiff incorporates the allegations in the paragraphs 1-20 above as if fully restated.

22. Between the Defendant and Lee Company there was a binding agreement for insurance coverage providing that, in exchange for insurance premium payments, the Defendant would, among other things, pay for all reasonable repairs to Lee Company's vehicle necessary to restore the vehicle to its "pre-loss" condition following an accident. Lee Company has assigned its rights under that insurance coverage agreement to the Plaintiff.

23. The supplemental repairs identified by the Plaintiff were reasonable and necessary to restore the vehicle to its pre-loss condition.

24. Without excuse or justification, the Defendant has refused to pay for the additional repairs, forcing the Plaintiff to institute this litigation to recover the uncompensated amount.

25. The Defendant has breached its insurance agreement with Lee Company and is liable to the Plaintiff for the damages resulting from that breach.

## VIOLATIONS OF THE TENNESSEE CONSUMER PROTECTION ACT (TCPA) (COUNT II)

26. Plaintiff incorporates the allegations in the paragraphs 1-25 above as if fully restated.

27. The Defendant disfavors the Plaintiff because the professional, thorough and exhaustive job that the Plaintiff performs on the vehicles owned by the Defendant's insured


{Legal/12376/17443/00994743.DOCX}

4

Case 3:12-cv-00875  Document 1-1  Filed 08/27/12  Page 4 of 20 PageID #: 8

sometimes results in more expensive repairs and more costs to the Defendant than if the repairs were performed by another repair shop.

28. The Defendant therefore engages in conduct designed to discourage individuals from choosing the Plaintiff's repair shop, even though the insurance contracts at issue, including the one in place in this matter, entitle the insured to go to the repair shop of the insured's choosing.

29. Upon information and belief, in an effort to discourage its insured from using the Plaintiff's repair shop, the Defendant engages in various tactics to achieve that result, including "steering" customers from the Plaintiff's shop, discrediting the Plaintiff's shop, and/or refusing to pay for legitimate and necessary repairs performed by the Plaintiff. Full discovery will be necessary to reveal the scope of the Defendant's misconduct in this matter.

30. These practices, which discourage the insured from selecting the repair shop of its choosing and damage the Plaintiff's business and reputation, are unfair and deceptive practices in trade and commerce because they are designed to mislead reasonable customers into thinking, contrary to fact, that the Plaintiff's repair shop overcharges customers and does not provide a good value. These practices also deceive the Defendant's insured, including Lee Company, as to their rights under the relevant insurance agreements. These practices damage both the Plaintiff and its customers, including Lee Company.

31. The Plaintiff's TCPA claim arises under T.C.A. § 47-18-104(b)(27)(2011), which broadly directs that any unfair or "deceptive" act in trade or commerce is actionable under the TCPA.[2] As fully explained herein, the Defendant's conduct, which is directed at driving the

---

[2] The TCPA was amended in October 2011, to make this provision enforceable only by the Tennessee Attorney General. This matter was filed in August 2011, and this amendment is not retroactive, meaning that the version of the TCPA that broadly prohibits any unfair or deceptive act or practice in trade or commerce is applicable to this case. *See Asemota v. Suntrust Mortg.*, 2012 U.S. Dist. LEXIS 83744, 35-36 (W.D. Tenn. June 18, 2012)(discussing

Plaintiff from the marketplace and forcing its insured to select less competent car repair facilities, is unfair and deceptive in a myriad of ways, including:

(a) Through subtle or direct pressure, the Defendant actively encourages or "steers" its insured away from the Plaintiff's shop, despite the fact that the insured are entitled under their policies to choose the shop of their choice. Upon information and belief, these pressures include "warning" customers that repairs at the Plaintiff's shop may not be paid for, thereby suggesting that an insured who wishes to go to the Plaintiff's shop should go somewhere else;

(b) For those insured not dissuaded by the Defendant's tactics, the Defendant refuses to pay for legitimate, covered repairs simply because they were performed by the Plaintiff's shop; here, for instance, the Defendant has refused to pay for $698.69 in legitimate repairs to Lee Company's vehicle as part of its efforts to drive the Plaintiff from the marketplace and for its insured to select less competent car repair facilities;

(c) Upon information and belief, after not paying for a covered repair, the Defendant continues to discredit the Plaintiff's shop by telling the insured that the repair performed was not reasonable and necessary, when, in fact, it was.

32. In addition to violating T.C.A. § 47-18-104(b)(27)(2011), numerous other provisions of the TCPA are implicated by the Defendant's conduct in this matter, and Plaintiff

---

Section 104(b)(27) and stating that the "amendment took effect on October 1, 2011, and the Public Act did not indicate that it should be applied retroactively. . . . Therefore, the Court finds the controlling version of the TCPA to be the version in effect when Plaintiff filed suit in September of 2011.") To the extent that Section 104(b)(27) were to be found inapplicable to this case, other provisions of the TCPA may still apply, including the prohibition on "[d]isparaging the goods, services or business of another by false or misleading representations of fact" contained in Section 104(b)(8). Again, discovery will be necessary to uncover the scope of the Defendant's campaign against the Plaintiff's shop.

Case 3:12-cv-00875   Document 1-1   Filed 08/27/12   Page 6 of 20 PageID #: 10

anticipates that discovery will confirm that the Defendant has violated other provisions of the T.C.P.A., including T.C.A. § 47-18-104(b)(2), (3), (5), (7), (8), (9), (11), (12), (15).

33. The Plaintiff and Lee Company suffered an ascertainable loss as the result of the Defendant's conduct, as, among other things, the Defendant has failed to pay the full amount owed on the repair bill based on its business practice of actively discouraging customers from going to the Plaintiff's repair shop. Discovery in this matter may reveal additional misconduct and additional losses.

34. These violations of the Tennessee Consumer Protection Act entitle Plaintiff to attorney's fees and costs pursuant to T.C.A. § 47-18-109(e)(1).. Further, these violations were willful or knowing and thus entitle the Plaintiff to treble damages pursuant to T.C.A. § 47-18-109(a)(3).

## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS (COUNT III)

35. Plaintiff incorporates the allegations in the paragraphs 1-33 above as if fully restated.

36. The Plaintiff and its customers, including Lee Company, have an existing business relationship and, as future car repairs are concerned, a business relationship that is "prospective" as well.

37. The Defendant is acutely aware of these relationships, as, not infrequently, the Defendant's insured seek to become customers of the Plaintiff following a car accident.

38. Upon information and belief, the Defendant has actively sought to cause the termination of the existing or prospective relationship between the Plaintiff and its customers, including Lee Company, by discouraging its insured from having their cars repaired at the

Plaintiff's shop because the thorough and professional work performed by the Plaintiff may result in costs that are higher than the Defendant wishes to pay.

39. This active discouragement involves assorted improper means and is driven by the improper motive of damaging the Plaintiff's business and driving the Plaintiff from the marketplace. Upon information and belief, these means include "steering" clients away from the Plaintiff's shop, publicly and privately discrediting the Plaintiff's shop, and/or refusing to pay the full amount of the repairs for work done by the Plaintiff's shop, as occurred in this case.

40. This interference with the Plaintiff's existing and prospective business relationships damages both the Plaintiff and its customers, such as Lee Company. That is, insured individuals will be less likely to visit or return to the Plaintiff's shop because of the hassles and additional costs created by the Defendant's practices, injuring the Plaintiff. The Plaintiff's customers, as in this case, are left personally responsible for a bill that the insurance company was obligated to pay and, upon information and belief, ultimately experience additional car repairs and costs as the result of being "steered" into less quality car repairs services.

41. The Defendant's conduct in discouraging insured entities from using the Plaintiff's shop through a variety of improper means (and driven by improper motives) is intentional, fraudulent, reckless, and malicious and entitles the Plaintiff to punitive damages.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests the following:

1. That Plaintiff be awarded a judgment against Defendant in an amount sufficient to compensate it for the damages it has suffered. **Specifically, the Plaintiff now pleads that the damages in this case exceed the jurisdictional limits ($24,999) of the General Sessions Court, and the Plaintiff hereby explicitly amends its demand to seek an amount in excess of**

those jurisdictional limits, to be proved during the course of these proceedings and/or at trial.

2. That Plaintiff be awarded treble damages and attorney's fees pursuant to the Tennessee Consumer Protection Act.

3. That Plaintiff be awarded punitive damages as a result of Defendant's intentional, fraudulent, reckless, and malicious conduct.

4. That pre-judgment and post-judgment interest be awarded to Plaintiff.

5. That Plaintiff receive such further and other general relief to which it may be entitled, including but not limited to its costs and attorney's fees.

Respectfully submitted,

NEAL & HARWELL, PLC

By: _____

William T. Ramsey, No. 9245
Robert A. Peal, No. 25629
Andrew A. Warth, No. 27606
150 Fourth Avenue North, Suite 2000
Nashville, Tennessee 37219
Phone: (615) 244-1713
Fax: (615) 726-0573

Donald R. Barrett, Jr., Esq., No. 11400
SIDWELL, BARRETT & WELCH, P.C.
121 First Avenue South, Suite 200
Franklin, TN 37064
Phone: (615) 790-8868

*Attorneys for Price's Collision Center, LLC Agent for Lee Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via U.S. Mail and fax, postage prepaid to:

John Thomas Feeney
Feeney & Murray, P.C.
424 Church Street, Suite 2230
P.O. Box 198685
Nashville, TN 37219
FAX: 615-242-7111

This the 27th day of July, 2012.



# CIVIL WARRANT
## WILLIAMSON COUNTY, TENNESSEE
### Court of General Sessions

DOCKET # 2011-CV-2426

COPY (1) _____
(2) _____

Price's Collison Center as agent for Lee Company

**PLAINTIFF**
Donald R. Barrett, Jr.
121 First ave, Franklin, TN

**PLF's ATTORNEY** (Address & Phone #)
615-790-8868

VS.

Progressive Hawaii Insurance Corp
Serve Agent

**DEFENDANT**
Insurance Commissioner
Service of Process

**ADDRESS**
500 James Robertson Parkway
Nashville, TN 37243

**DEFENDANT**

**ADDRESS**

- **OFFICER RETURN** -

Received by undersigned officer on _____
and served on all named Defendants by reading same to them and leaving a copy with them or by:

_____

_____

_____

Date: _____, 20 _____.

By: _____
Sheriff/ Deputy Sheriff (_____ Co.) / Constable / Private possess server

RECEIVED
AUG 15 2011
GENERAL SESSIONS

---

To Any Lawful Officer to Execute and Return:

Summon each Defendant to appear before the Judge of the General Sessions Court of this county on the **12th** day of **Sept**, 20 **11**, at **10:00** .m., then and there to answer in a civil action brought by Plaintiff(s) for the following: Breach of Contract for failure to pay for repairs to vehicle

in the amount of **698.69**

Plus Costs and Fees

under $25,000.00

Issued **Aug 15**, 20**11**. By: _____
Debbie McMillan Barrett, Clerk
Cecilia Fisher, Deputy Clerk

---

### JUDGMENT ORDER

Judgment for _____ against _____ for $ _____ plus interest at the rate of ____%
and cost of suit, for which execution may issue.

Judgment entered by: ☐ Default ☐ Agreement ☐ Trial ☐ Confessed
Dismissed: ☐ Without Prejudice ☐ With Prejudice
Cost taxed to: ☐ Plaintiff ☐ Defendant

Defendant(s) _____ In Court and admitted to jurisdiction of Court.

This the _____ day of _____, 20 ____.

_____, Judge, Div. _____

If you have a disability & require assistance, please Call 615-790-5428

## NOTICE

**TO THE DEFENDANT(S):**

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel; family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel
of a lawyer.

---

## AFFIDAVIT

To the best of my information and belief, after investigation of defendant's employment, I hereby make affidavit that the defendant(s) is/are not a member of a military service.


_____
**Attorney for the Plaintiff or Plaintiffs**


_____
**Notary Public**

**My Comm. Exp.:** _____

---

## ORDER

From which judgment the _____ prayed an appeal to the Circuit Court on _____, 20 _____.

_____

_____

_____

_____, Judge, Div. _____

## Subrogation Agreement

The undersigned hereby grants and conveys to Prices Collision Centers, LLC all of our right title and interest to pursue claims against Progressive Insurance Company under our Automobile Insurance Policy for failure to pay the required amounts under our policy.

This gives Prices Collision Centers the right to institute and bring litigation in our name and on our behalf to collect any and all amounts due under the policy.

We further assign to Prices Collision Centers any and all amounts recovered as a result of the actions taken pursuant hereto.

Witness our hands this 3 day of Aug, 2011.

_____
Lee Company

Witness my hand and seal this 3 day of Aug, 2011

_____
Teresa L Scales
Notary Public

My Commission Expires:
Apr 28. 2015

TERESA LYNN SCALES
STATE OF TENNESSEE
NOTARY PUBLIC
MARSHALL COUNTY
MY COMMISSION EXPIRES:
April 28, 2015



IN THE CIRCUIT COURT OF WILLIAMSON COUNTY, TENNESSEE

2011 NOV 22 PM 3:5

Prices Collision Centers In-
**PLAINTIFF** Agent For Lee Company

VS.

DOCKET 2011 CV 2426

Progressive Hawaii Insurance Co
**DEFENDANT**

## NOTICE OF APPEAL

Comes now the ____PLAINTIFF____ and hereby appeals to the Circuit Court from the Judgment entered against him/her in the General Sessions Court on ____11/14/2011____.

Respectfully submitted,

_[signature]_

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Appeal has been forwarded to ____Counsel for Defendant____ on this the __22__ day of ____Nov____, 2011.

_[signature]_

IN THE CIRCUIT COURT OF WILLIAMSON COUNTY, TENNESSEE

| | |
|---|---|
| PRICE'S COLLISION CENTER,<br>Agent for Lee Company,<br><br>Plaintiff,<br><br>vs.<br><br>PROGRESSIVE HAWAII INSURANCE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Docket No. 2011 CV-640 |

FILED

DEC - 9 2011

Debbie McMillan Barrett
Circuit Court

## MOTION FOR WAIVER OF LOCAL RULE 8.01

Comes the Defendant, through counsel, and in light of Local Rule 8.01 which directs the Clerk of this Court to automatically set this General Sessions appeal for trial, now requests the case not be set pending completion of appropriate written discovery. The Defendant anticipates this case can be set by agreement of counsel upon completion of proper discovery.

Respectfully submitted,

FEENEY & MURRAY, PC

By: _____
John Thomas Feeney
BPRN 11482
P. O. Box 198685
Nashville, Tennessee 37219-8685
(615) 242-3700

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been forwarded **via U.S. mail, postage prepaid to**:

>Donald R. Barrett, Jr., Esq.
>121 First Avenue
>Suite 200
>Franklin, Tennessee 37064

This the 8th day of December, 2011.

_____
John Thomas Feeney

IN THE CIRCUIT COURT OF WILLIAMSON COUNTY, TENNESSEE

| | |
|---|---|
| PRICE'S COLLISION CENTER, Agent for Lee Company, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Docket No. 2011 CV-640 ) |
| PROGRESSIVE HAWAII INSURANCE, | ) ) ) |
| Defendant. | ) |

FILED
MAY 1 8 2012
Debbie McMillan Barrett
Circuit Court

## MOTION FOR MORE DEFINITE STATEMENT

Comes the Defendant, through counsel, and moves the Court to require Plaintiff to provide a more definite statement pursuant to Rule 12.05 of the Tennessee Rules of Civil Procedure.

This matter stems from the appeal of a General Sessions case. The General Sessions Civil Warrant alleged that Defendant breached its contract with Plaintiff by failing to pay for repairs to Lee Company's vehicle in the amount of $698.69.

As grounds for this Motion, Defendant would show that Plaintiff's written discovery requests are very broad and appear to involve issues well outside the scope of this matter as raised in the General Sessions Civil Warrant.[1] However, due to the lack of detail required in the Civil Warrant, Defendant's ability to determine the scope of its discovery response obligation is hindered. It is further expected that affirmative defenses that are properly raised in an Answer may apply to this

---

[1] Examples of the Plaintiff's discovery requests include:

Interrogatory 12: Please identify any and all communication between you an any other third party concerning the quality, workmanship, performance, and/or value of the work performed by Price's Collision Centers, LLC;

Interrogatory 13: Please identify any internal communications regarding Price's Collision Centers, LLC.

Interrogatory 14: Please identify any communications between you and another insurance company concerning the quality, workmanship, performance, and/or value of the work performed by Price's Collision Center.

Interrogatory 15: Please identify any communications concerning your "preferred" shops in Tennessee for the repair of the vehicle of your insureds.

Case 3:12-cv-00875   Document 1-1   Filed 08/27/12   Page 17 of 20 PageID #: 21

case. As such, Defendant anticipates the filing of a more detailed statement by Plaintiff, (a Complaint) will allow Defendant to file a proper Answer and join issue if appropriate. These pleadings will allow this matter to proceed as a typical Circuit Court matter.

**WHEREFORE**, Defendant specifically requests that Plaintiff provide specific allegations involving this matter, thereby allowing Defendant to Answer and determine appropriate limits on its discovery responses. In support of this Motion, Defendant relies on the General Sessions Civil Warrant filed in this matter and Rule 12.05 of the Tennessee Rules of Civil Procedure.

Respectfully submitted,

FEENEY & MURRAY, PC

By: _____
**John Thomas Feeney**
Attorney for Defendant
BPRN 11482
P. O. Box 198685
Nashville, Tennessee 37219-8685
(615) 242-3700

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been forwarded **via U.S. mail, postage prepaid to**:

Donald R. Barrett, Jr., Esq.
121 First Avenue
Suite 200
Franklin, Tennessee 37064

This the 17th day of May, 2012.

_____
**John Thomas Feeney**

IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE

| | |
|---|---|
| PRICE'S COLLISION CENTER, LLC,<br>Agent for Lee Company,<br><br>    Plaintiff,<br><br>v.<br><br>PROGRESSIVE HAWAII INSURANCE<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 2011 CV-640<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF APPEARANCE

Please take notice that William T. Ramsey, Andrew A. Warth, and Robert A. Peal of Neal & Harwell, PLC hereby enter their appearance as counsel of record for Plaintiff, Price's Collision Center, LLC, Agent for Lee Company in this matter.

Respectfully submitted,

NEAL & HARWELL, PLC

By: _____
William T. Ramsey, No. 9245
Andrew A. Warth, No. 27606
Robert A. Peal, No. 25629
150 Fourth Avenue North, Suite 2000
Nashville, Tennessee 37219
Phone: (615) 244-1713
Fax: (615) 726-0573

Donald R. Barrett, Jr., Esq., No. 11400
**SIDWELL, BARRETT & WELCH, P.C.**
121 First Avenue South, Suite 200
Franklin, TN 37064
Phone: (615) 790-8868

*Attorneys for Price's Collision Center, LLC*
*Agent for Lee Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via U.S. Mail, postage prepaid to:

John Thomas Feeney
Feeney & Murray, P.C.
424 Church Street, Suite 2230
P.O. Box 198685
Nashville, TN 37219

This the _14_ day of June, 2012.